UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| TIMBERLY SWIER,<br><br>Plaintiff,<br><br>vs<br><br>CLARITY TELECOM, LLC d/b/a VAST BROADBAND,<br><br>Defendant. | CASE NO: 18-4036<br><br>**COMPLAINT<br>WITH REQUEST FOR<br>TRIAL BY JURY** |

COMES NOW Plaintiff Timberly Swier, by and through her attorney Stephanie Pochop of Johnson Pochop & Bartling-Jacobsen, and brings this action for sexual discrimination and retaliation against the above-named Defendant Clarity Telecom, LLC, d/b/a Vast Broadband, as follows:

### THE PARTIES, JURISDICTION AND VENUE

1) This action arises under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII").

2) Plaintiff Timberly Swier is an adult resident of Minnehaha County, South Dakota.

3) Defendant Clarity Telecom, LLC, is a Delaware corporation with a principal office in Missouri, which operates and does business as "Vast Broadband" in South Dakota. Vast provides internet, television and digital telephone services in South Dakota, Iowa and Minnesota.

4) At all times relevant to this Complaint, the Plaintiff was an employee of Defendant within the meaning of 42 U.S.C. § 2000e(f).

5) During her employment with Defendant, Plaintiff was based in Defendant's Sioux Falls, SD office.

6) Plaintiff timely filed a Charge of Discrimination alleging sexual discrimination, sexual harassment and retaliation.

7) Plaintiff received a Notice of Right Sue prior to instituting this action.

8) Jurisdiction over this matter is pursuant to 28 U.S.C. § 1331 and § 1343(a)(3).

9) Venue over this matter is pursuant to 28 U.S.C.§ 1391(b)(1)-(2) because the events or omissions giving rise to the claims occurred within the Southern Division of the District of South Dakota.

## FACTUAL ALLEGATIONS

10) Between October 2014 until June 9, 2017, Swier was employed by Defendant as a sales representative in its Vast Broadband office in Sioux Falls, South Dakota.

11) As a result of her performance, Swier consistently received high performance ratings, was named as a member of the Vast Broadband's "President's Club" because of performance, and won many performance-based awards.

12) In the spring of 2017, Swier qualified for a company-sponsored trip in Cancun, Mexico along with several members of Vast Broadband's supervisory staff members.

13) Swier was proud of the accomplishment of winning a company trip and invited her daughter to attend the trip with her.

14) During the Cancun trip in February 11-15, 2017, Swier was subject to several instances of sexual harassment and physical assault by members of Defendant's supervisory staff:

   a) During an evening gathering of Vast Broadband staff at a dance club, Vast Broadband's Executive Vice President and Chief Operating Officer Larry Eby ("Eby") slapped and patted Swier's buttocks without her permission.

b) During the evening gathering of Vast Broadband staff at the dance club, Swier witnessed Eby grab another a Vast Broadband employee's wife by the breast. This woman told Swier and Swier's daughter about the unwanted and offensive physical groping she endured.

c) On an evening gathering of Vast Broadband staff on a beach by their resort, several Vast Broadband supervisors suggested and pressured other Vast Broadband employees into joining them in an evening swim. Specifically, Vast Broadband's Vice President of Commercial Sales Brett Ritter stripped off his clothing in front of the employees and said "Go big or go home."

d) Swier had entered the water reluctantly because other Vast Broadband employees also did and she did not want to be considered as someone who was not a team player. She entered the water fully dressed. When Ritter saw her enter the water, he swam over to Swier and engaged in physically offensive conduct by touching her and attempting to remove her dress and bra, a move that Swier actively rejected. Ritter was naked through this physical assault. Swier tried to get away from Ritter and asked for assistance from another Vast Broadband employee, Tyler Larson. Ritter had pulled off Swier's dress and was trying to remove her bra when Swier was finally able to get away from him.

15) Swier indicated her objections to the unwanted contact by her Vast Broadband supervisors by physically pushing Ritter away, objecting verbally during the unwanted touching and by physical revulsion.

16) Defendant has specific, detailed policies which prohibit sexual discrimination and sexual harassment. Its supervisory staff is trained on the policies and is expected to both enforce and follow its policies.

17) To the best of Swier's knowledge, by the time the group returned from Mexico, all of the supervisors involved and most of the employees in her Sioux Falls Vast Broadband workplace knew that Ritter had engaged in "skinny dipping" with its staff members on the company trip.

18) Swier talked to several of her co-workers about what Ritter and Eby had done to her on the Mexico trip. No employees suggested that the behavior should be reported to Vast Broadband's HR manager.

19) Swier reasonably believed that if she complained further about Vast Broadband's top supervisor's sexually harassing behavior, she would be targeted for termination.

20) Defendant did nothing to address the sexually harassing behavior that its supervisory employees had engaged in.

21) Defendant responded to Swier's complaints about its male supervisors' sexually harassing behavior by asserting that Swier had either enjoyed the physical violations and sexually harassing behavior that she endured or had not seemed upset enough to merit further investigation.

22) On April 19, 2017, Swier was given a warning by her immediate supervisors for performance.

23) Swier objected to the disciplinary action because it was based upon a pretextual reason and because it was not consistent with Vast Broadband's disciplinary policy.

24) Swier was aware that male co-workers who performed in the same way she did were not disciplined.

25) Swier believed that she was paid less than similarly situated male employees.

26) Swier told her immediate supervisors that she felt she was being targeted by the disciplinary action.

27) Swier reported to a Vast Broadband HR manager that she felt targeted and was being treated unfairly under the disciplinary policy.

28) Swier, Vast Broadband's HR manager and an immediate supervisor subsequently met twice to discuss Swier's complaints about the disciplinary action he had tried to institute against her. During the first meeting, the HR manager stated that she recognized that Swier felt she was being targeted.

29) During the second meeting between Swier, Vast Broadband's HR manager and her immediate supervisor, the HR manager stated that Swier would be receiving a $1.45 an hour raise for performance.

30) On June 9, 2017, one month after being given a raise for performance, Swier was terminated for pretextual reason.

31) To the best of Swier's knowledge, her male supervisors were not investigated or disciplined for their sexually harassing actions prior to her termination.

## CAUSES OF ACTION

**COUNT 1: SEXUAL DISCRIMINATION IN VIOLATION OF TITLE VII**

32) Plaintiff re-alleges the facts asserted in paragraphs 1-31 of this Complaint.

33) Plaintiff was treated differently in the terms and conditions of her employment because of her gender.

34) To the best of Plaintiff's knowledge, Defendant paid her less than similarly situated male employees.

35) To the best of Plaintiff's knowledge, Defendant's male employees enjoyed better terms of employment in respect to performance, attendance and policy enforcement standards than Plaintiff and similarly situated females.

36) As a direct and proximate result of Defendant's unlawful conduct, the Plaintiff has suffered a loss of her past and future employment income and benefits, mental anguish, physical harm, distress, embarrassment, loss of reputation and other damages.

37) Plaintiff is entitled to punitive damages as allowed by law because of Defendant's reckless disregard and/or deliberate indifference to her rights and safety.

**COUNT 2: SEXUAL HARASSMENT IN VIOLATION OF TITLE VII**

38) Plaintiff re-alleges the facts asserted in paragraphs 1-37 of this Complaint

39) Plaintiff was subject to unwanted sexual harassment of a physical nature by two (2) Vast Broadband executives at a work-related event.

40) To the best of Plaintiff's knowledge, Defendant has permitted a culture of sexually harassing behavior to exist in its Broadband workplace.

41) Defendant failed to properly train its supervisors and employees about its sexual harassment policies.

42) Defendant failed to properly enforce its sexual harassment policy.

43) Plaintiff was terminated from her employment for pretextual reasons after she had objected to sexual harassment by two (2) of Defendant's executives.

44) As a direct and proximate result of Defendant's unlawful conduct, the Plaintiff has suffered a loss of her past and future employment income and benefits, mental anguish, physical harm, distress, embarrassment, loss of reputation and other damages.

45) Plaintiff is entitled to punitive damage as allowed by law because of Defendant's reckless disregard and/or deliberate indifference to her rights and safety.

### COUNT 3: RETALIATION IN VIOLATION OF TITLE VII

46) Plaintiff re-alleges the facts asserted in paragraphs 1-45 of this Complaint

47) Plaintiff was subject to unwanted sexual harassment of a physical nature by two (2) Vast Broadband executives at a work-related event.

48) Several Vast Broadband supervisors witnessed or knew about their executive managers' sexually harassing behaviors and failed to object or otherwise act to enforce Plaintiff's rights to be protected from unwanted sexual harassment.

49) Plaintiff told other employees about the sexually harassing behavior she had been subjected to, and her complaints were widely discussed among Vast Broadband employees.

50) Within two months of objecting to sexual harassment treatment by Vast Broadband executives, Plaintiff was targeted and terminated for pretextual reasons.

51) Defendant failed to properly train its supervisors and employees about its retaliation protections.

52) Defendant failed to properly enforce its sexual harassment policy.

53) Plaintiff was terminated from her employment for pretextual reasons after she had objected to sexual harassment by two (2) of Defendant's executives.

54) As a direct and proximate result of Vast Broadband's unlawful conduct, the Plaintiff has suffered a loss of her past and future employment income and benefits, mental anguish, physical harm, distress, embarrassment, loss of reputation and other damages.

55) Plaintiff is entitled to punitive damage as allowed by law because of Defendant's reckless disregard and/or deliberate indifference to her rights and safety.

## RELIEF REQUESTED

WHEREFORE, Plaintiff Timberly Swier requests the following judgment against the Defendant Clarity Telecom, LLC, d/b/a Vast Broadband, as follows:

1) That the practices complained of in this Complaint be determined to violate the rights secured to the Plaintiff under Title VII;

2) For all relief available to the Plaintiff, including compensatory damages consisting of losses for suffered past and future employment income and benefits, mental anguish, physical harm, distress, embarrassment, loss of reputation and other damages;

3) For punitive damages in an amount this Court considers to be just, reasonable and fair;

4) For attorney fees and reasonable costs and disbursements as approved by the Court;

5) For such other just and further relief as the Court deems fair and equitable under the circumstances: and

6) For a trial by jury upon the issues in this matter.

Dated this 9th day of April, 2018.

JOHNSON POCHOP & BARTLING

Stephanie E. Pochop
405 Main Street
P.O. Box 149
Gregory, SD 57533
605/835-8391
Stephanie@Rosebudlaw.com
*Attorney for Plaintiff Timberly Swier*

8